# First National Bank of Freeland *v.* Everett, Appellant.

*Practice, C. P. —Pleading—Corporation—Change of name.*

Where a corporation issues a bond of indemnity and subsequently changes its corporate name by proceedings under the Act of April 22, 1903, P. L. 251, and thereafter a suit is brought upon the bond, in which suit the former name of the corporation is used in the body of the statement without reference to a change of name, the court will, after the expiration of the time limit for bringing the suit, permit the statement to be amended so as to set forth the new name of the company with a proper averment as to the change of name.

Argued April 12, 1910. Appeal, No. 100, Jan. T., 1910, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1907, No. 656, on verdict for plaintiff in case of First National Bank of Freeland v. F. M. Everett and the Title Guaranty & Surety Company of Scranton. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a bond of indemnity. Before FULLER, P. J.

At the trial the jury returned a verdict in favor of the plaintiff for $17,795.

Subsequently on a motion for judgment non obstante verdicto FULLER, J., filed the following opinion:

This action is founded upon a bond, given by the Title Guaranty & Trust Company of Scranton, whose name afterwards was changed to the Title Guaranty & Surety Company, guaranteeing in the sum of $15,000, the fidelity of F. M. Everett, cashier of the plaintiff bank.

No evidence whatever was offered by the defendants, nor was any meritorious defense whatever suggested, and the evidence adduced by the plaintiff established these unquestionable facts, viz.:

1. The bond was given by the Title Guaranty & Trust Company on April 1, 1903, for one year from that date, and was twice afterward in writing renewed, covering on the last renewal the year ending March 31, 1906, guaranteeing the bank against loss to the amount of $15,000, which might be sustained through the dishonesty of said Everett, cashier.

2. During the year of last renewal the bank did sustain a loss amounting to $44,650, through the dishonesty of said Everett, cashier.

3. During the same year the name of the Title Guaranty & Trust Company was by due proceeding under Act of April 22, 1903, P. L. 251, changed to the Title Guaranty & Surety Company, without, of course, affecting its liabilities. This act we may observe does not create a new corporation, nor change the identity of the corporation at all, but merely confers right to use another name.

4. The plaintiff fully complied with all the requirements of the bond in respect to notice, proofs of loss, and all other matters, but the defendants refused, without any good reason, to perform its obligation.

5. Before suit brought, the original bond was lost, but on the trial plaintiff established its contents by proper secondary evidence to the full satisfaction of judge and jury, precisely as set forth by copy in the statement filed, except that the name of the guarantor was stated to be the Title Guaranty & Surety Company when it should have been stated the Title Guaranty & Trust Company, and there was also a discrepancy in the name of a signatory officer.

The defendants have never undertaken to deny a single fact as above recited, and virtually concede the complete accuracy of the recital by not asking for a new trial, but have fought the case throughout by objection to evidence, motion for nonsuit, request for binding instructions, and finally by the present motion for judgment non obstante veredicto, on the ground of fatal variance

between allegata and probata in that the instrument sued upon purports to be the bond of the surety company instead of the trust company, and the identity of the two is not explained.

The only question, then, open for present consideration, is whether a meritorious claim should be thrown out of court simply because the pleader in stating his case, failed to bear in mind that the contracting corporation had changed its name.

He instituted and entitled his action properly against the corporation by its new name, Title Guaranty & Surety Company, begins the statement with averring that the plaintiff "claims of the defendant, the Title Guaranty & Trust Company," and attaches copy of bond purporting to be executed by the Title Guaranty & Surety Company, but accompanied with a schedule of names and amounts "guaranteed by the Title Guaranty & Trust Company."

Of course, he should have set forth a bond executed by the trust company and then have said in a few words that the name had been changed without affecting the liability. His inadvertent use of the names, interchangeably, unaccompanied by explanation, was a departure from good pleading, which according to good authority, would seem at least to make an amendment appropriate. The mistake, however, amounts to only an "unimportant misnomer:" Railroad Co. v. Evans, 53 Pa. 250; and the right to amend is clear, notwithstanding the limitation of one year fixed by the terms of the bond, for the cause of action would not be changed by the amendment.

We strongly suggest to counsel for plaintiff the propriety of a motion to amend, which, so far as we see, ought to be allowed; but regarding as done what ought to be done and finding no substantial error which should nullify a long trial resulting righteously, we deny the defendants' motion for judgment non obstante veredicto, referring to our charge for further vindication of this conclusion.

*Errors assigned* were in refusing binding instructions for defendants and overruling motion for defendants non obstante veredicto, and in permitting plaintiff to amend his statement.

*C. B. Little* and *John T. Lenahan,* with them *Willard, Warren & Knapp,* for appellants.—The plaintiff, having alleged that the bond sued upon was issued in the alleged form and executed as alleged, it was incumbent upon the plaintiff to so prove: Quarles v. Littlepage & Co., 2 Hen. & M. (Va.) 400; Faulkner v. Faulkner, 73 Mo. 327; Phillips v. Singer Mfg. Co., 88 Ill. 305; Cunningham v. Shaw, 7 Pa. 401; Corning Steel Co. v. Western Union Tel. Co., 60 Ill. App. 426; Curley v. Dean, 4 Conn. 259; Thompson v. Rathbun, 18 Ore. 202 (22 Pac. Repr. 837); Christian College v. Hendley, 49 Colo. 347; Burns v. Iowa Homestead Co., 48 Iowa, 279; Murdock v. Hicks, 49 Vt. 408; Burnett v. Doggett, 6 Fla. 632; Sage v. Hawley, 16 Conn. 106; Umbehocker v. Rassel, 2 Yeates, 339; Church v. Feterow, 2 P. & W. 301; Bellas v. Hays, 5 S. & R. 427.

*John McGahren,* with him *John M. Carr* and *B. R. Jones,* for appellee.

PER CURIAM, May 16, 1910:

It was conceded at the argument that if there was a defective service of the writ it was cured by a general appearance for the defendants. The amendment suggested by the learned trial judge in his opinion on the motion for judgment non obstante veredicto was subsequently regularly allowed.

On his opinion we affirm the judgment.